VandeWalle, Chief Justice, dissenting.
[¶21] Because I believe the fact that a person may be using a wireless communications device, here, a cell phone, for a valid purpose does not negate the reasonable suspicion that the person is using the cell phone for a prohibited purpose, I respectfully dissent. Indeed, when one examines the provisions of N.D.C.C. § 39-08-23 it is as probable that the cell phone is used to send or receive prohibited electronic messages as it is that the device is being used for one of the lawful purposes, perhaps more so. My position is, admittedly, based on what I perceive to be the reasonable probabilities rather than the possibilities. But, reasonable suspicion is more than a hunch but it is surely a much lesser standard than proof beyond a reasonable doubt required for conviction and a lesser standard than probable cause required for arrest for an offense.
[¶22] It appears to me that it is improbable that someone observing at a distance a person using a cell phone is able to determine the specific use of the device. As a practical matter, I understand that the result is that either every driver using a cell phone may be reasonably suspected of using the cell phone for a prohibited purpose or no driver may be reasonably suspected of using the device for an unlawful purpose. The statute was likely drafted with little thought of how offenders are to be apprehended in the first instance. It seems to me that the majority opinion substantially reduces, if not eliminates, the effective enforcement of the statute.
[¶23] I would affirm the district court.
[¶24] Gerald W. VandeWalle, C.J.